OPINION
{¶ 1} At approximately 12:30 a.m., on September 7, 2001, Canton Police Officer Mark Deals was on routine patrol in Canton, in an area known as a very high drug area. Deals had information from another officer that an individual, for whom an active arrest warrant was outstanding, had fled from an apartment at 801 6th Street S.W., the night before. The individual was described to Deals as a young black male. While driving past the apartment on September 7, Deals saw a young black male sitting in a chair outside.
 {¶ 2} Deals stopped and asked the individual, who he eventually learned to be appellee Nichalous Harvey, for his name, and to come to the cruiser. Appellee gave Deals a look which the officer interpreted to mean that appellee intended to run away. Deals started to get out of the cruiser, and repeated his request that appellee come to the car. Appellee ran for the door, telling Deals he would be right back. Deals pursued appellee, and while outside of the apartment, observed appellee run inside and throw a clear plastic bag into a trash can. After seeing appellee throw away the bag, Deals followed him into the apartment, and asked him to put his hands on the wall. As Deals went past the trash can, the officer observed the bag on top, with what appeared to be marijuana in the bag. Deals told appellee to relax, as the discarded drugs were "just marijuana."
 {¶ 3} Instead of complying, appellee struggled with the officer while Deals attempted to handcuff him. His partner finally arrived to assist him in handcuffing appellee. Appellee made a move for his left pocket, and pulled out a small bag of crack-cocaine, which he popped into his mouth. Deals and his partner struggled with appellee to remove the baggie from appellee's mouth. Appellee was then placed under arrest for possession of the crack-cocaine.
 {¶ 4} Appellee was charged with delinquency by reason of possession of marijuana, possession of crack-cocaine, resisting arrest, and two counts of tampering with evidence. Appellee initially entered a plea of not true to these charges. Prior to trial, he filed a motion to suppress, seeking to exclude the marijuana and cocaine found in his possession. An evidentiary hearing was held before a magistrate. The magistrate overruled the motion to suppress, and appellee entered a plea of true, reserving his right to object to the magistrate's ruling on the suppression motion.
 {¶ 5} Appellee filed an objection to the report of the magistrate concerning the motion to suppress. The court sustained appellee's objection, as well as his motion to suppress, finding that the police did not have reasonable suspicion of criminal activity at the time the officer detained appellee for purposes of a Terry stop and search. Appellant, the State of Ohio, filed the instant appeal to challenge the suppression ruling:
 {¶ 6} "I. THE TRIAL COURT ERRED IN SUSTAINING THE MOTION TO SUPPRESS WHERE THE POLICE OFFICER HAD REASONABLE SUSPICION TO DETAIN THE APPELLANT."
 {¶ 7} In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that an officer may conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. Id. at 30. Even innocent facts may support a decision to detain and investigate a person briefly, so long as a reasonable inference from the totality of the circumstances is that the person may be involved in criminal activity. United States v. Cortez
(1981), 449 U.S. 411, 417. In Illinois v. Wardlow (2000), 528 U.S. 119, the United States Supreme Court held that a suspect's flight from an officer, in a high drug area, constituted a reasonable suspicion of criminal activity, justifying the police to make a Terry stop of the suspect. In Wardlow, the only two factors supporting the reasonable suspicion determination were the suspect's presence in an area of heavy narcotics trafficking, and the suspect's unprovoked flight when he noticed the police.
 {¶ 8} In the instant case, Officer Deals stopped the cruiser upon seeing appellee sitting on a chair on the walk in front of the apartment. Appellee matched the general description of a person who fled from the police the night before at the same apartment, and for whom there existed an outstanding arrest warrant. When Deals attempted to ascertain appellee's identity by asking his name, to determine if he was the person for whom the warrant was pending, appellee ran from the officer instead. Deals described the area as a "very high drug area." T. 78, 12. At this point, pursuant to Wardlow, supra, Deals had a reasonable suspicion to justify a brief detention of appellee to investigate his identity.
 {¶ 9} While pursuing appellee, Deals could see into the apartment, and saw appellee toss a clear plastic bag into a trash can. In continuing to pursue appellee into the apartment, Deals saw the discarded baggie lying on top of the trash, and observed that it contained what appeared to be marijuana. At this point, Deals took action to attempt to place handcuffs on appellee. During the encounter, appellee reached into his pocket and stuffed a bag of crack-cocaine in his mouth. After recovering this bag, Deals had probable cause to arrest appellee for possession of the cocaine.
 {¶ 10} Pursuant to the decision of the United States Supreme Court in Wardlow, the court erred in concluding that Deals did not have a reasonable suspicion of criminal activity to detain appellee. Based on appellee's presence in an area known to the officer for drug use, and his flight upon being asked his name, the officer had reasonable suspicion to detain appellee. The actual detention did not occur until after Deals saw appellee discard the bag containing marijuana into the trash can. Thus, the facts in this case are stronger than in Wardlow, supra. The court erred in sustaining the objection to the magistrate's report and in sustaining appellee's motion to suppress.
 {¶ 11} The assignment of error is sustained.
 {¶ 12} The judgment of the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded to that court for further proceedings according to law.
By Gwin, P.J., Wise, J., and Edwards, J., concur.